UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:17-CV-00525-TBR

TIFFANY D. FERRY, *et. al.*,                                        PLAINTIFFS

v.

COMMONWEALTH OF KENTUCKY
CABINET FOR HEALTH AND FAMILY
SERVICES, *et. al.*,                                                DEFENDANTS

**MEMORANDUM OPINION**

This matter is before the Court on a motion to dismiss filed by Defendants, the Commonwealth of Kentucky Cabinet for Health and Family Services, Caroline Spicker, Stephanie Webb, Jennifer Bourgeois, "Field Social Worker Simmons," and "Family Services Supervisor Lyman" (collectively, "Defendants") in their official capacities. [DN 4.] Plaintiffs Tiffany Ferry and Andrew Frank Allen responded, [DN 8], and Defendants replied, [DN 9.] Defendants also filed a motion to stay any discovery and Rule 26 obligations pending the resolution of their motion to dismiss, [DN 5.] Plaintiffs responded, [DN 8], and Defendants replied, [DN 10.] For the reasons explained below, Defendants' motion to dismiss is **GRANTED** and their motion to stay is **DENIED AS MOOT**. The Court will enter a separate Order and Judgment consistent with this Memorandum Opinion.

BACKGROUND

This case arises out of an investigation by Defendants, the Kentucky Cabinet for Health and Family Services ("CHFS") and its employees, into alleged abuse by Plaintiffs Tiffany Ferry and Andrew Allen of their minor children, KMA and IFA. [DN 1-1 (State Court Complaint).] Plaintiffs allege that Defendants interviewed their children regarding alleged domestic abuse on October 19, 2015 without Plaintiffs' consent. [*Id.* at 4.] As a result, a "prevention plan" was put

1

in place, under which the children were placed with their paternal grandmother. [*Id.*] On August 2, 2016, Defendants filed a petition in Jefferson County Circuit Court "alleging that the minor children had been abused or neglected according to KRS 600.020(1)." [*Id.* at 5.] At a "temporary removal hearing" on August 4, 2016, the court dismissed the petition and the children were returned to Plaintiffs' custody. [*Id.*] Plaintiffs brought the instant action on August 4, 2017, alleging violations of the U.S. and Kentucky Constitutions, civil rights violations under 42 U.S.C. § 1983, and conspiracy under 42 U.S.C. § 1985. [*Id.* at 5–6.] Defendants removed the action to the Western District of Kentucky on August 28, 2017. [DN 1 (Notice of Removal).]

STANDARD

In order to survive a motion to dismiss under Rule 12(b)(6), a party must "plead enough factual matter to raise a 'plausible' inference of wrongdoing." *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Should the well-pleaded facts support no "more than the mere possibility of misconduct," then dismissal is warranted. *Id.* at 679. The Court may grant a motion to dismiss "only if, after drawing all reasonable inferences from the allegations in the complaint in favor of the plaintiff, the complaint still fails to allege a plausible theory of relief." *Garceau v. City of Flint*, 572 Fed. App'x. 369, 371 (6th Cir. 2014) (citing *Iqbal*, 556 U.S. at 677–79).

Defendants also move to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) on sovereign immunity grounds. "The Eleventh Amendment provides, 'The Judicial power of the United States shall not be construed to extend to any suit in law or equity,

commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.'" *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015) (quoting U.S. Const. amend. XI). "The sovereign immunity guaranteed by this Amendment deprives federal courts of subject-matter jurisdiction when a citizen sues his own State unless the State waives its immunity or Congress abrogates that sovereign immunity." *Id.* (citing *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 98–100 (1984)).

DISCUSSION

In this suit, Plaintiffs allege that Defendants' actions violated "Plaintiffs' constitutional rights under the United States and Kentucky Constitution and violated Plaintiffs' due process rights by breaking up the family unit and invaded the privacy and dignity of Plaintiffs' home and Plaintiffs' lawful exercise of authority as parents." [DN 1-1 at 5.] Additionally, Plaintiffs claim that Defendants' actions "violated Plaintiffs' civil rights under 42 U.S.C. Section 1983 and were a conspiracy against the rights of the Plaintiffs under 42 U.S.C. Section 1985." [*Id.*]

**A. Eleventh Amendment Sovereign Immunity**

Defendants first move for the dismissal of all claims against the Kentucky Cabinet for Health and Family Services ("CHFS") and of all state law claims against the CHFS employees in their official capacities on grounds of Eleventh Amendment sovereign immunity.[1]

**1. CHFS**

The Eleventh Amendment provides that "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "The Eleventh Amendment 'bars all suits, whether for injunctive,

---

[1] Plaintiffs did not make any arguments in opposition to Defendants' sovereign immunity claims in their response. [*See* DN 8.]

declaratory or monetary relief, against the state and its departments.'" *Sefa v. Kentucky*, 510 F. App'x 435, 437 (6th Cir. 2013) (quoting *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.,* 987 F.2d 376, 381 (6th Cir. 1993)). Applying this principle, the Sixth Circuit has indeed held that a plaintiff's 42 U.S.C. § 1981 and 1983 "claims against the [Kentucky] Cabinet [for health and Family Services] are barred by the Eleventh Amendment to the United States Constitution. *Id.* "Because Kentucky has not waived its Eleventh Amendment immunity and Congress has not abrogated state sovereign immunity under sections 1981 and 1983 or any other federal statute cited by [Plaintiffs], [their] claims against the Cabinet cannot proceed." *Id.* Accordingly, all of Plaintiffs claims against CHFS are dismissed for lack of subject matter jurisdiction under Rule 12(b)(1).

2. **CHFS Employees**

The sovereign immunity afforded to states and their departments by the Eleventh Amendment likewise extends to state law claims against state and departmental employees in their official capacities. The Supreme Court of Kentucky has explained that "when an officer or employee of a governmental agency is sued in his/her representative capacity, the officer's or employee's actions are afforded the same immunity, if any, to which the agency, itself, would be entitled." *Yanero v. Davis*, 65 S.W.3d 510, 521–22 (Ky. 2001). In other words, when defendants are "specifically sued 'in their official capacities' . . . each is cloaked with the same immunity as the government or agency he/she represents." *Schwindel v. Meade Cty.*, 113 S.W.3d 159, 169 (Ky. 2003) (citing *Yanero*, 65 S.W.3d at 522). Here, Plaintiffs assert their claims against all of CHFS's employees, including Caroline Spicker, Stephanie Webb, Jennifer Bourgeois, Field Social Worker Simmons, and Family Services Supervisor Lyman, both individually and in their official capacities as Child Protective Services employees. [DN 1-1 at 2–3.] And because "[a]

4

suit against an individual in his official capacity is the equivalent of a suit against the governmental entity." *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (citation omitted), all state law constitutional claims against the CHFS employees in their official capacities must also be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction.

**B. Statute of Limitations for Claims Under 42 U.S.C. § 1983, § 1985, and the Kentucky Constitution**

Defendants next move for the dismissal of Plaintiffs' federal civil rights and federal conspiracy claims under 42 U.S.C. §§ 1983 and 1985, along with Plaintiffs' claims for violations of the Kentucky Constitution, alleging that such claims are barred by the applicable statute of limitations. [DN 4 at 5–7.] According to Plaintiffs' complaint, "on or about October 19, 2015 . . . Defendants unlawfully interviewed Plaintiffs' children without prior consent and unlawfully removed the minor children, who were not in imminent danger, from the care custody and control of Plaintiffs without exigent circumstances and "informally placed" the minor children with their paternal grandmother." [DN 1-1 at 4.] Plaintiffs also allege that, on October 19, 2015, "Defendants put in place a prevention plan that unlawfully deprived Plaintiffs of their constitutional rights to parent their minor children." [*Id.*] Next, Plaintiffs assert that Defendants took no action between October 19, 2015 and August 2, 2016. On August 2, 1016, Defendants filed a petition in Jefferson County, Kentucky Circuit Court alleging that the children had been abused or neglected under KRS § 600.020(1). [*Id.* at 5.] A temporary removal hearing was held in state court on August 4, 2016, after which the petition was dismissed and the children were returned to Plaintiffs. [*Id.*]

"The statute of limitations applicable to a § 1983 action is the state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claim arises." *Eidson v. State of Tennessee Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007) (citing

*Kuhnle Bros., Inc. v. County of Geauga,* 103 F.3d 516, 519 (6th Cir. 1997)). Here, both parties agree that, based on Kentucky's one-year statute of limitations for personal injury actions under KRS § 413.140(1)(a), that one-year period applies to Plaintiffs § 1983 claims here. [DN 4 at 6; DN 8 at 4.] Similarly, "the statute of limitations for a claim for relief under [ ] Section 1985 is governed by 'the most analogous statute of limitations of the state in which the cause of action arose.'" *Bowden v. City of Franklin, Kentucky*, 13 F. App'x 266, 272 (6th Cir. 2001) (quoting *Bedford v. University of Louisville School of Medicine,* No. 88–6423, 1989 WL 123143, at *2, 887 F.2d 1086 (6th Cir. Oct. 19, 1989)). The Sixth Circuit has determined that KRS § 413.140(1)(c), which provides a one-year limitations period for "action[s] for malicious prosecution, conspiracy, arrest, seduction, criminal conversation, or breach of promise of marriage," "is the most analogous to § 1985(3) in that it is directed at conspiracies." *Bowden*, 13 F. App'x at 272 (quoting *Bedford*, 1989 WL 123143, at *3; Ky. Rev. Stat. Ann. § 413.140(1)(c)). "Therefore, a claim for relief under Section 1985 must be brought within one year of the date of accrual." *Id.*

Finally, courts in this district, relying a decision from the Supreme Court of Kentucky, have likewise found the one-year statute of limitations to apply to claims for violations of the Kentucky Constitution. *Bruederle v. Louisville Metro Gov't*, No. 3:05-CV-818-S, 2007 WL 2462630, at *4 (W.D. Ky. Aug. 27, 2007) ("Bruederle's claim for violation of the Kentucky Constitution is also governed by § 413.140(1)(a).") (citing *Million v. Raymer*, 139 S.W.3d 914, 919 (Ky. 2004) ("We are of the opinion that application of the one-year statute of limitations period under KRS 413.140 for constitutional claims such as those made herein is consistent with federal law governing essentially the same types of claims."). This Court agrees that the one-year limitations period in § 413.140(1)(a) is applicable to Plaintiffs' claims under the Kentucky

6

Constitution. The injuries Plaintiffs allege here include "extreme emotional damage and humiliation and embarrassment," and they seek punitive damages for alleged malicious conduct. [DN 1-1 at 6.] In essence, Plaintiffs allege "an injury to the person of the plaintiff[s]" as set out in KRS § 412.140(1)(a). Moreover, as they allege the same injuries stemming from their Kentucky constitutional claims as they do from their federal constitutional claims, logic supports applying the same limitations period to both sets of constitutional claims. In sum, the Court finds that a one-year statute of limitations applies to all of the claims Plaintiffs bring in this action.

"Ordinarily, the limitation period starts to run when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Eidson*, 510 F.3d at 635 (citing *Kuhnle Bros*, 103 F.3d at 520). Plaintiffs filed the instant action in Kentucky state court on August 4, 2017. [DN 1-1.] According to Defendants, because Plaintiffs allege that their children were unlawfully removed from their custody on October 19, 2015, that is when their causes of action accrued. Therefore, Defendants contend that Plaintiffs' August 4, 2017 lawsuit was untimely filed. [DN 9 at 11.]

Plaintiffs contend, on the other hand, that their causes of action did not accrue until August 4, 2016, the date when the Jefferson County Circuit Court dismissed Defendants' petition and returned Plaintiffs' children to their custody. [DN 8 at 4–5.] In support of this argument, Plaintiffs cite case law in the malicious prosecution and unlawful imprisonment context, in which the Sixth Circuit has held that "a § 1983 action will not accrue until the criminal prosecution reaches final disposition." *Ruff v. Runyon*, 258 F.3d 498, 502 (6th Cir. 2001). However, since *Ruff*, the Supreme Court has clarified that this bar on accrual "has no application in the pre-conviction context." *Fox v. DeSoto*, 489 F.3d 227, 234 (6th Cir. 2007) (citing *Wallace v. Kato*, 549 U.S. 385, 391–93 (2007)). Specifically, "the [ ] rule for deferred accrual is called

into play only when there exists 'a conviction or sentence that has *not* been ... invalidated,' that is to say, an 'outstanding criminal judgment.'" *Wallace*, 549 U.S. at 393 (quoting *Heck v. Humphrey*, 512 U.S. 477, 486 (1994)). "The statute of limitations for a claim for false arrest, however, 'where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process.'" *Fox*, 489 F.3d at 235 (quoting *Wallace*, 549 U.S. at 393). Additionally, a claim that a search and seizure occurred in a plaintiff's presence in violation of the Fourth Amendment accrues at the time of the search and seizure. *See Harper v. Jackson*, 293 F. App'x 389, 392 n.1 (6th Cir. 2008) *(*"Harper's claims thus accrued on July 31, 2003, the date of the alleged illegal search and seizure."). All of the cases Plaintiffs cite to the contrary were decided before the Supreme Court's 2007 decision in *Wallace v. Kato*. [*See* DN 8 at 4–6.]

Ultimately, however, the Supreme Court's distinction between and clarification of the accrual times for § 1983 malicious prosecution, false arrest, and illegal search and seizure claims are not applicable to this case. Rather, the Sixth Circuit has repeatedly applied the same rule to situations such as this one in which plaintiffs' children are removed from their custody. In detail, "Sixth Circuit precedent consistently indicates that the statute of limitations begins to run when the minor child is taken from the plaintiff's custody and placed into foster care or other forms of state custody." *Brown v. Univ. of Kentucky Comprehensive Assessment & Training Servs.*, No. 12-CV-123-KSF, 2013 WL 990423, at *6 (E.D. Ky. Mar. 13, 2013), *amended on reconsideration*, No. 12-CV-123-KSF, 2013 WL 1687886 (E.D. Ky. Apr. 18, 2013), *aff'd* (June 19, 2014) (citing *Minow v. State of Tennessee,* 191 F.3d 452, 1999 WL 776307, at *1 (6th Cir. 1999)). In *Minow*, for example, [t]he court held the parents should have been aware of their § 1983 claim on the day in January 1996 when their daughter was taken into state custody, and the

fact that Tennessee authorities simply retained the children in their custody was not sufficient to establish a continuing violation." *Id.* (citing *Minow*, 1999 WL 776307, at *7.

Similarly, in *Eidson v. State of Tennessee Department of Children's Services*, 510 F.3d 631 (6th Cir. 2007), Tennessee Child Protective Services "remov[ed] . . . [plaintiff's] daughters from his custody on November 18, 2003." *Eidson*, 510 F.3d at 635. According to the Court, "[a]t the time of the initial removal, plaintiff knew of the injury which is the basis of his claims," insofar as his substantive due process claims were premised on the removal of his daughters. *Id.* at 635–36. And, to the extent plaintiff's claims were premised on his argument that the children's mother's "allegedly perjured testimony" at the custody hearing, that was known to plaintiff as of the time of the hearing in May, 2004, still more than twelve months prior to the filing of his lawsuit. *Id.* at 636. Therefore, the Court rejected plaintiff's argument that he experienced a "continuing violation" of his rights such that "the injury . . . did not accrue until October 22, 2004, when legal custody of his daughters was finally restored to him." *Id.*

In *Kovacic v. Cuyahoga City, Department of Children & Family Services*, 606 F.3d 301, 308 (6th Cir. 2010), the Sixth Circuit stated:

> There is no need for extensive analysis on this issue. Nancy [Kovacic] concedes that the precipitating event in this action was the initial removal of her children from her custody on March 26, 2002. A continuing violation in a § 1983 action occurs when there are continued unlawful acts, not by continued ill effects from the original violation. *McCune v. The City of Grand Rapids,* 842 F.2d 903, 905 (6th Cir. 1988). We have held in a similar case that "mere inaction" on a temporary custody petition is not enough to find a continuing violation. *Eidson v. State of Tenn. Dep't of Children's Sevs.,* 510 F.3d 631, 637 (6th Cir. 2007).

*Kovacic*, 606 F.3d at 308. The *Kovacic* court further explained that, with regard to plaintiff's argument "that her claim did not accrue until [the custody petition] was dismissed in November 2003, resolution of the claims in her complaint was not dependent on a final determination of her

9

custody case. If, as Nancy claims, the removal was unlawful, it remained unlawful regardless of the final disposition of her case." *Id.*

Applying these principles here, the Court agrees with Defendants that Plaintiffs' § 1983, § 1985, and Kentucky constitutional claims, all of which are subject to a one-year statute of limitations, were untimely filed. According to Plaintiffs, their children were "unlawfully interviewed . . . and unlawfully removed . . . from the care custody and control of Plaintiffs . . . and 'informally placed' . . . with their paternal grandmother" on or around October 19, 2015. [DN 1-1 at 4.] Therefore, the injuries Plaintiffs allege were known to them as of that time. The mere facts that the petition was not filed until August 2, 2016, that the hearing was not held until August 4, 2016, and that the petition was not dismissed until August 4, 2016 do not make Plaintiffs' claims "continuing violations" for the purpose of extending the accrual time of their claims. *See Kovacic*, 606 F.3d at 307–08 (holding that "'[m]ere inaction' on a temporary custody petition is not enough to find a continuing violation" and there is also no "'continuing violation' of [a plaintiff's] rights each day that her children were out of her custody."). If, as Plaintiffs claim, "the removal [of their children] was unlawful, it remained unlawful regardless of the final disposition of" the custody petition in August 2016. *Id.* at 308. Accordingly, to meet the one-year statute of limitations on their § 1983, § 1985, and Kentucky Constitution claims, Plaintiffs must have filed this action no later than October 19, 2016. They did not do so; rather, this action was filed on August 4, 2017. [DN 1-1.] Therefore, Plaintiffs' claims arising from the alleged unconstitutional removal of their children in October 2015 must be dismissed.

**C. Claims Against the CHFS Employees in their Individual Capacities**

Defendants claim that Plaintiffs have not affected valid service of process on the CHFS employees in their individual capacities. [DN 9 at 3.] In detail, Defendants argue that "Plaintiffs

10

havenot [sic] shown any Cabinet employee personally signed certified mail receipts or that they authorized anyone to sign on their behalf any certified mail to be properly before this court to defend any individual capacity claims." [*Id.* at 14.] Accordingly, Defendants limit their motion to dismiss to Plaintiffs' official capacity claims against those employees. [DN 4 at 1–2.] Defendants state that "while this Court could dismiss the individual capacity claims at this time, the disposition of those claims might be more appropriately dismissed later . . . *if* Plaintiffs serve the Cabinet's employees, and after they invoke all their individual capacity defenses." [DN 9 at 14.] In response, Plaintiffs contend that they "filed this action in the Jefferson Circuit Court on August 4, 2017. Service of process was instituted on the same day" and "that the Circuit Court Clerk noted on courtnet that all parties have been served by certified mail." [DN 8 at 1, 3.] Neither party attached any evidence in support of their assertions, however.

However, assuming, for argument's sake only, that Plaintiffs did properly serve the CHFS employees in their individual capacities, dismissal of those claims is still warranted on statute of limitations grounds. "If a statute of limitations defense clearly appears on the face of a pleading, the district court can raise the issue sua sponte." *Watson v. Wayne Cty.*, 90 F. App'x 814, 815 (6th Cir. 2004) (citing *Pino v. Ryan,* 49 F.3d 51, 53-54 (2d Cir. 1995)). As the Court explained above, the one-year statute of limitations applies to Plaintiffs' claims under § 1983, § 1985, and the Kentucky Constitution. Because Plaintiffs' suit is untimely filed, this is true with regard to the claims against the CHFS employees both in their official and individual capacities. Therefore, even if service was improper, properly serving those Defendants would be futile. Accordingly, for judicial economy's sake, the Court will dismiss the individual capacity claims against those Defendants at this time.

CONCLUSION

For the reasons discussed fully herein, **IT IS HEREBY ORDERED** as follows:

1. Defendants' motion to dismiss, [DN 4], is **GRANTED**.

2. All claims against Defendant Kentucky Cabinet for Health and Family Services are dismissed on Eleventh Amendment sovereign immunity grounds.

3. All state law claims against Defendants Caroline Spicker, Stephanie Webb, Jennifer Bourgeois, Field Social Worker Simmons, and Family Services Supervisor Lyman in their official capacities are dismissed on Eleventh Amendment sovereign immunity grounds.

4. All claims against all Defendants, including those brought under §§ 1983, 1985, and the Kentucky Constitution, are dismissed pursuant to the one-year statute of limitations applicable to those claims.

5. Defendants' motion to stay discovery and Rule 26 obligations pending the resolution of their motion to dismiss, [DN 5], is **DENIED AS MOOT**.

The Court will enter a separate Order and Judgment consistent with this Memorandum Opinion.

Date:

cc:    Counsel